May 2,1810.
Brevard, J.,
delivered the opinion of the whole court. There appears to have been an irregularity in the mode of deciding this case in the District Court. The evidence offered to support the special counts in the declaration was objected to, it seems,as irrelevant; but not as insufficient to maintain the declaration. The objection went to the sufficiency of the declaration, and was substantially a parol demurrer to the declaration. Rut this was informal, dnd inconsistent with the issue made upon the record. The evidence offered was relevant to support the issue, and the issue was for the consideration of the jury. But it was an immaterial issue ; and why trouble the jury and take up the time of the court with it ? I confess I can give no answer to this,satis-factorytomyself,unless it be on reasons purely technical. The defendant, in strictness, ought to have demurred. , But for what purpose set aside the nonsuit, and grant a new trial, if the declaration he clearly in our opinion insufficient? For no purpose of justice. The cause of action, stated in the special counts, are insufficient in law ; and an express contract insufficient in law cannot, cértainly, authorize a recovery on a general count. The promise is stated to have been made in consideration that the plaintiff would relinquish^ right of preference of leasing a tract ofland from the Catawba Indians •, but it *390 is not stated in what that right of preference consisted,1 and there is no technical meaning attached to the words “ right of preference to 'ease’” R 's>. therefore, quite uncertain, whether the right thus described be a legal right, sufficient to support an action, or not. q'|le]]j there appears no legal consideration, or meritorious cause, for the promise in question, which must be regarded as nudum pac-tum. It would be idle to say, that a moral obligation is, in mant-eases, a good legal consideration for a promise, and will prevent the pact from being nude; because the nature of the obligation does not appear, and whether any moral obligation ever attached. It is not stated that any legal right was yielded up, or any legal advantage relinquished. That any benefit accrued to the promissor, or any loss was sustained by the promisee ; or any ground to support a legal undertaking. There was no evidence offered which could authorize a verdict on the general money count, upon any principle of law..
Motion rejected.